# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRET ARMACOST,<br><br>               Plaintiff,<br><br>     v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, NORTHWEST TRUSTEE SERVICES, INC.,<br><br>               Defendants. | Case No. 10-CV-274-EJL-LMB<br><br>**REPORT AND RECOMMENDATION** |

      This case has been referred by presiding District Judge Edward J. Lodge to undersigned Magistrate Judge Larry M. Boyle for all pretrial matters. (Dkt. 18). Currently pending is a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) made by Defendant Northwest Trustee Services, Inc. (NWTS) (Dkt. 5) and Motion for Entry of Final Default Judgment (Dkt.17) against the other Defendant, HSBC Bank USA, National Association.  The Court has reviewed the motions, the parties' briefing and arguments, as well as all of the referenced documents, and finds that oral argument will not further aid the decisional process on this motions.  The Court therefore enters the following Report and Recommendation that Defendant's Motion to Dismiss be granted in part and denied in part, and Plaintiff's Motion for Entry of Final Default Judgment be denied.

**REPORT AND RECOMMENDATION - 1**

# BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. No. 1) and attached exhibits, and documents of public record attached to Defendant's Motion to Dismiss of which the Court takes judicial notice.[1]

In February 2007, David and Angela Carlyle executed a Deed of Trust on a residential property in McCall, Idaho (hereafter "the Property"), to secure a $1 million loan (the "Note") used to purchase the property. Wells Fargo Bank, National Association ("Wells Fargo") was the lender and the beneficiary of the Deed of Trust. *See Cmplt*, ¶¶ 2, 5, 6 & Ex. 1. The Property consists of two parcels – Parcel 1 is located in Adams County and Parcel 2 is located in Valley County. The Deed of Trust was duly recorded in both counties on February 14, 2007. *See Cmplt*, Exh. 1.

---

[1] A description of each of the documents attached to both Plaintiff's Complaint and to Defendants' Motion to Dismiss are listed in chronological order in Attachment 1 to this Report and Recommendation. Plaintiff does not dispute the authenticity of the documents or that they were filed when and where they purport to have been. Plaintiff also specifically requests that the Court take judicial notice of the documents attached to Defendant's Motion that were not also attached to the Complaint. *See Plaintiff's Objection to Defendant's Motion to Dismiss [sic] Pursuant to F.R.C.P. 12(b)(6)*, Dkt. 8, pp. 2 - 3. The Court will take judicial notice of the public record documents filed with the Valley and Adams County Recorders offices. *See Lyon v. Gila River Indian Community,* 626 F.3d 1059, 1079 (9th Cir. 2010) ("Courts may take judicial notice of facts whose existence is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")*; Lee v. City of Los Angeles*, 250 F.3d 668, 888-89 (9th Cir. 2001) (court may take judicial notice of matters of public record); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (court may take judicial notice of documents central to allegations in complaint whose authenticity is not at issue); Fed. R. Evid. 201. *See also Horne v. Potter*, 329 Fed.Appx. 800, 2010 WL 3245149, *2 (11th Cir. 2010) (affirming trial court taking judicial notice of public document on motion to dismiss).

The Carlyles defaulted on the Deed of Trust on or around April 2009. *See Cmplt*, ¶¶ 2, 3; Exh. 5. Wells Fargo then, on July 23, 2009, (1) appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor Trustee to Pioneer Title on the Deed of Trust and (2) assigned the Deed of Trust "[t]ogether with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust" to HSBC Bank USA, National Association "as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-4 ("Current Beneficiary")." *Motion to Dismiss*, Exhs. 2, 3. On that same date, NWTS, as successor Trustee, executed a Notice of Default stating that the Current Beneficiary declared the Deed of Trust in default and intends to sell the property to satisfy the obligation. *Cmplt.*, Exh. 5; *Motion to Dismiss*, Exh. 4. On October 9, 2009, NWTS issued a Notice of Trustee's Sale of the Property which was to be held on February 8 and 9th in the respective counties. *Motion to Dismiss*, Exh. 5.

Shortly thereafter, on or about October 23, 2009, Plaintiff Bret Armacost purchased the Property from the Carlyles. *Cmplt*., Exh. 2 ("Purchase and Sale Agreement"). Plaintiff alleges that he entered into the Purchase and Sale Agreement with the Carlyles in order "to provide asset protection pending discovery of the identity and location of the present creditor or Note Holder, or agent thereof, of the original Note and Deed of Trust" to attempt negotiations with the holder of the Note. *Cmplt.*, ¶ 3. The Carlyles actually transferred the Property by Warranty Deed, however, to a commercial entity, Second Ventures West, Inc. *See Cmplt.*, Exh. 3.

**REPORT AND RECOMMENDATION - 3**

The Trustee's sale apparently did not go forward in February 2010, and NWTS issued a second Notice of Trustee's sale dated February 1, 2010, for the sale to be held on June 3 and 4, 2010. *Cmplt.*, Exh. 6. On June 1, 2010, Second Ventures, Inc. transferred its interest in the Property by Warranty Deed into Plaintiff's name, so that he could "represent himself in the preservation of his interest." *Id.*, ¶ 4 & *Exh*. 4. Plaintiff filed this action pro se against Defendants on the same date. *Cmplt.*, (Dkt. 1).

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.A. §§ 1962 *et seq.*, by foreclosing on the Property through the trustee sale, and/or making false representations in connection with their foreclosure efforts, without "standing" or authority to do so. Plaintiff also seeks a Declaratory Judgment that Defendants have no legal or equitable rights in the Note or mortgage for purposes of the foreclosure and no standing to execute the foreclosure. Defendant NWTS now moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff has failed to state a claim against it under the FDCPA. (Dkt. 5).

Defendant HSBC Bank failed to appear. The Clerk entered Default against this Defendant on September 7, 2009. (Dkt. 16). Plaintiff filed a Motion for Entry of Default Final Judgment against HSBC Bank on November 19, 2010. (Dkt. 17).

## MOTION TO DISMISS

### A. Standard of Law

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a

pleading are sufficient under applicable pleading standards. Rule 8(a) of the Federal Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955(2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc*., 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). In addition,

"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Iqbal*, 129 S. Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam* ) (internal citation omitted).

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). "A court may, however, consider certain materials– documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice– without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.

2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)).

**B.    Discussion**

Plaintiff alleges that Defendant NWTS violated two provisions of the FDCPA. First, Plaintiff alleges Defendant wrongfully facilitated an "eminent" foreclosure sale of Plaintiff's property "by filing and causing to be filed foreclosure documents into the public record without standing to do so in direct violation of the Note, Deed of Trust" and 15 U.S.C. § 1692f.  This section of the FDCPA proscribes generally unfair or unconscionable means of collecting or attempting to collect any debt. *Id.*

Next, Plaintiff alleges that Defendant NWTS, "in the capacity of a third party debt collector executed a power of sale foreclosure without standing under the terms of the Note and Deed of Trust" in violation of 15 U.S.C. § 1692e(10).  This provision specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Defendant NWTS argues that Plaintiff's Complaint fails to state a claim for relief as a matter of law under the FDCPA primarily because Defendants had the right to execute a non-judicial foreclosure on the Property under both the Deed of Trust and the Idaho non-judicial foreclosure statutes, I.C. § 45-1502 *et seq.*  Defendant further argues that "most federal courts" have held that the FDCPA does not apply to enforcement of security interests, such as in the context of a non-judicial foreclosure.  *See Motion to Dismiss*, (Dkt. 5), p. 11 (*citing Hulse v. Ocwen Federal Bank, FSB,* 195 F. Supp.2d 1188

**REPORT AND RECOMMENDATION - 7**

(D. Or. 2002); *Jordan v. Kent Recovery Services*, 731 F. Supp. 652, 657-58 (D. Del. 1990)).  Regardless, Defendant argues further, that because it complied with the Idaho non-judicial foreclosure statute, it was well within its legal rights to foreclose on the Property, and Plaintiff has failed to state any fact of a false or misleading practice, or unconscionable means of collecting a debt, that would be actionable under the FDCPA. *Id.*

As discussed fully below, this Court agrees that the FDCPA generally does not apply to non-judicial foreclosure actions.  However, there is an exception in the context of enforcing a security interest, which would include a non-judicial foreclosure action, a claim for which Plaintiff's Complaint adequately pleads and Defendant's motion to dismiss failed to address.  For the foregoing reasons, it is recommended here that the Court grant Defendant's motion in part and deny the motion in part at this time consistent with the following Report and Recommendation.

**1.      Non-judicial foreclosure proceedings are not "debt collection" generally under the FDCPA.**

Congress enacted the Fair Debt Collection Practices Act (FDCPA) "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692.  In furtherance of this goal, the FDCPA requires and prohibits certain activities by "debt collectors" that are done "in connection with the

collection of any debt." 15 U.S.C. § § 1692c (prohibits certain communications), 1692d (prohibits harassment or abuse), 1692e (prohibits false or misleading representations), 1692f (prohibits unfair practices) & 1692g (requiring validation of debts).

A central issue in this case is whether or not Defendant's complained of actions – which all relate to instituting non-judicial foreclosure proceedings on the Property – constitute "debt collection" activities under the FDCPA.[2]  Courts conflict on this issue in general.  *Cf. Brown v. Morris*, 243 Fed. Appx. 31, 35-36 (5th Cir. 2008) (finding that a foreclosure action is not *per se* debt collection under the FDCPA and no error in jury instruction that "[o]rdinarily, the mere activity of foreclosing ... under a deed of trust is not the collection of a debt within the meaning of the [FDCPA] unless other actions are taken beyond those necessary to foreclose under the deed of trust, and were taken in an effort to collect a debt" (brackets in appellate order)) and *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (D. W.Va.1998) (same), *aff'd*, 173 F.3d 850 (4th Cir.1999), with *Wilson v. Draper & Goldberg*, 443 F.3d 373 (4th Cir. 2006)(concluding

_____

[2] Courts deciding this issue have also looked to the definition of a "debt collector," versus "debt collection" activity.  Numerous district courts in this Circuit have held that "the FDCPA does not apply to non-judicial foreclosure proceedings since a debt collector for the purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Allen v. United Financial Mortgage Corp*, 2010 WL 1135787, *6 n. 7 (N.D. Cal. 2010) (*quoting Suetos v. Bank of Am. Nat'l Ass'n, No. 09-727*, 2010 U.S. Dist. LEXIS 20538, *11-12 (E.D. Cal. Mar. 8, 2010) (internal quotations omitted)).  These cases relying on the definition of "debt collector" do not apply in this case because the allegations of the Complaint and the documents filed with Defendant's Motion establish that Defendants' interests in the Deed of Trust clearly arose after the debt was in default and presumably for the purpose of instituting foreclosure actions.

that actions surrounding foreclosure proceedings - including eviction notice required by statute -could be considered attempt to collect a debt under FDCPA).[3]

The Ninth Circuit Court of Appeals has not decided the issue, but the majority of district courts in this Circuit hold that the FDCPA does not apply to the enforcement of a security interest such as a non-judicial foreclosure proceeding. *See, e.g., Hulse v. Ocwen Federal Bank, FSB,* 195 F. Supp.2d 1188, 1204 (D. Or. 2002); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1999 (C. D. Cal. 2008); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009); *Odinma v. Aurora Loan Services*, 2010 WL 2232169, *12 (N.D. Cal. 2010); *Gwin v. Pacific Coast Financial Services*, 2010 WL 1691567, *6 (S.D. Cal. 2010); *but see Allen v. United Financial Mortgage Corp.,* 2010 WL 1135787 (N.D. Cal. 2010) (noting disagreement among courts and declining to dismiss claim for FDCPA on motion to dismiss where defendant failed to acknowledge or address contrary position).

The case most often cited in this district in support of this position appears to be *Hulse v. Ocwen Federal Bank, FSB,* 195 F. Supp.2d 1188, 1204 (D. Or. 2002), in which the plaintiff made a claim that the defendant bank violated the FDCPA by wrongfully instituting foreclosure proceedings without a real interest in the deed of trust. *See id.* at

---

[3] *See generally Maynard v. Cannon, P.C.*, 650 F.Supp.2d 1138, 1141 (D. Utah 2008) (discussing split between courts as to whether or not FDCPA applies to foreclosure actions); *Allen v. United Financial Mortgage Corp.,* 2010 WL 1135787 (N.D. Cal. 2010) (same).

1204. In essence, similar to this case, the plaintiff was not challenging the debt, but instead "the lawful owner of the right to foreclose on the trust deed." *Id.*

The District of Oregon confronted with this issue on cross-motions for summary judgment held that the activity of foreclosing on the property pursuant to a deed of trust was not the collection of a "debt" within the meaning of FDCPA. Following the Fourth Circuit Court of Appeals in *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D. W. Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999), the District of Oregon reasoned:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender if foreclosing its interest in the property.

*Id.* 1204. Accordingly, the district court in *Hulse* held that the plaintiff could not maintain a claim under the FDCPA "based on alleged actions made in pursuit of the actual foreclosure." *Id.*[4]

The FDCPA does not define "the collection of any debt." Many courts holding that foreclosure actions are not "debt collection" find support for Congress's intent to make this distinction clear in the statute's definition of a "debt collector." *See, e.g., Gray v. Four Oak Court Association, Inc.*, 580 F.Supp.2d 883, 887-88 (D. Minn. 2008). Subject to certain enumerated exceptions, the FDCPA defines a "debt collector" as:

---

[4]Interestingly, this position has been called into question by another decision also issued by the Fourth Circuit Court of Appeals, *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006)(*citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir.1998); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo.1992)).

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... For purposes of section 1692f(6) of this title,[5] such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

*Id.* § 1692a(6). And so the argument goes, if "debt collection" generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplusage, and such a construction would violate a "long standing canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Beck v. Prupis*, 529 U.S. 494, 506, 120 S.Ct. 1608, 1617 (2000).[6]

This Court is persuaded by the reasoning and agrees with the its sister district courts that a non-judicial foreclosure action generally does not constitute a "debt collection activity" under the FDCPA. This Court disagrees, however, that actions to enforce a security action–including a non-judicial foreclosure–can never be actionable

---

[5] Section 1692f(6) specifies that "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement" constitute unfair practices under this section of the FDCPA.

[6] The Idaho statute governing mortgage foreclosures "and other liens" draws a similar distinction between debt recovery and enforcement of a security interest. *See* I.C. § 6-101 ("There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter.")

under the FDCPA.  This Court finds an exception to this general rule stated in § 1692f(6)

of the Act, as discussed below.  *See also Montegomery v. Huntington Bank*, 346 F.3d 693,

700-01 (6th Cir. 2003) (noting exception for a security enforcer under § 1692f(6)); 15

U.S.C. § 1692i(a)(1)(venue provision applicable in case of an action to enforce a security

provision).

Accordingly, to the extent Plaintiff's Complaint attempts to make a claim under

the FDCPA other than under § 1692f(6), Defendant's motion to dismiss should be

granted.  *See Hulse*, 195 F.Supp.2d at 1204 (finding that allegations of wrongful

foreclosure activity including filing notice of sale without beneficial interest in deed of

trust, falsely stating appointment as trustee and that plaintiff failed to make payments, fail

to state a claim under § 1692f(1)); *Gwin*, 2010 WL 1691567, *6 (S.D. Cal. 2010) (filing

notices of default and of trustee's sale not "debt collection" activities within the scope of

§ 1692e).[7]

> **2.      Section 1692f(6) applies to the enforcement of a security instrument,
> including nonjudicial foreclosure proceedings, and the record is
> insufficient to establish that Defendant had the right to institute the
> foreclosure proceedings on the Property as a matter of law.**

Several courts recognize that § 1962f(6) is one provision in the FDCPA that does

_____

[7] The Court notes, that in this case, the Notices of Trustee's Sale bore obvious
disclaimers identifying the sales as "AN ATTEMPT TO COLLECT A DEBT."  *See
Cmplt.*, Exh. 6, *Motion to Dismiss*, Exh. 5.  However, the statement "does not
automatically trigger the protections FCDPA, just as the absence of such language does
not have dispositive significance." *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380,
386 n. 3 (7th Cir. 2010) (*citing Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir.
1998)).

apply to the enforcement of a security interest. *See, e.g., Chomilo v. Shapiro, Nordmeryer & Zielke, LLP*, 2007 WL 2695795, *3 (D. Minn. 2007); *Jordan v. Kent Recovery Services, Inc.,* 731 F.Supp. 652, 657 (D. Del. 1990); *James v. Ford Motor Credit Co.*, 47 F.3d 961, 962 (8th Cir.1995) (citing to *Jordan* and finding that repossession companies are generally not subject to the FDCPA except for section 1692f(6)). *See also Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act,* 53 Fed.Reg. 50097 (1988) (December 13, 1988) ("If a party falls only within the security interest provisions of the definition, then they "are subject only to this provision [§ 1692f(6)] and not the rest of the FDCPA.")[8]

   The Fair Debt Collection Practices Act prohibits a "debt collector" from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f. Among other conduct, this section specifically prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest . . ." 15 U.S.C.A. § 1692f(6)(a).

---

   [8]Courts also disagree on limiting the applicability of the FDCPA in the context of a debt collector enforcing a security interest to only § 1692f(6) claims. *See, e.g., Katlenback v. Richards*, 464 F.3d 524 (5th Cir. 2006)(holding that a party who satisfies section 1692a(6)'s general definition of "debt collector" is a debt collector for the entire FDCPA even if only enforcing a security interest). This issue is not presented in this case because there are no facts alleged suggesting that Defendant(s) meet the general definition of "debt collector."

Plaintiff does not specify which section of § 1692f he claims Defendant violated. He lists § 1692f generally. Broadly construing both the allegations of his Complaint, and the Act, the Court is of the view that Plaintiff's allegations that Defendant "lacks standing" to institute the foreclosure actions could equate to a claim that Defendant took nonjudicial action to effect dispossession . . . of property . . . [with] no present right to possession of the property claimed as collateral through an enforceable security interest. . . . ." *Accord Riordan v. Jaburg & Wilk, P.C.*, 2010 WL 3023292, *4 (D. Ariz. 2010) *(citing McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 763-64 (7th Cir. 2006)*; see also Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006)(Remedial nature of FDCPA requires liberal construction by the courts.) Accordingly, the Court reviews the sufficiency of the Complaint under 15 U.S.C.A. § 1692f(6).

Plaintiff makes two claims as to how Defendant(s) "lack standing" to foreclose on the Property. First, Plaintiff suggests that Defendants violated the FDCPA because Wells Fargo "transferred" its beneficial interest in the Deed of Trust before it appointed NWTS as the successor trustee and before assigning the Deed of Trust to Defendant HSBC Bank, *see Cmplt.*, ¶ 9, and thus, neither Defendant received its interest (assignment/appointment) by a party authorized to transfer it under the Deed of Trust, *see Cmplt.*, ¶¶ 9, 13, 14. Plaintiff's second basis for the claim is that neither Defendant is "in possession of the required instruments Note and Deed of Trust, the instruments of evidence of an obligation and authority to enforce that obligation." *Cmplt.,* ¶ 14(c) & (d).

As such, Plaintiff alleges the Defendants had no legal right or "standing" to foreclose on the property. *Id.*

> ### a.  Plaintiff's allegations that Wells Fargo lost authority to transfer its interest in the Deed of Trust are insufficient as a matter of law.

Wells Fargo, as the original lender and beneficiary to the Deed of Trust, was clearly vested under the Deed of Trust with the authority to remove the Trustee, appoint a successor trustee and assign the Deed of Trust. The question presented, however, is whether Plaintiff's Complaint sets forth sufficient allegations to challenge Wells Fargo's ongoing authority, or to establish, for the purposes of this motion, that Wells Fargo somehow lost its authority prior to making the assignment or appointment. The Court is of the opinion that it is not.

Plaintiff's specific allegation is that:

> Wells Fargo, N.A., not a party to this action, lost all authority, right of enforcement and beneficial interest rights when the Note and Deed of Trust were released for processing under the standard banking procedures for negotiable instruments pursuant to UCC 3-203 Transfer of Instruments; Rights Acquired by Transfer. . . .

*Id.*

Defendant's motion to dismiss does not address Plaintiff's apparent allegation that Wells Fargo lost its rights to transfer under the Deed of Trust. However, the Court finds that Plaintiff's allegations are too vague to meet the minimal pleading requirements of Fed. R. Civ. P. 8(3), and do not give Defendant notice of the basis for the claim alleged. Plaintiff alleges that the documents were "released for processing" but cites a Uniform

Commercial Code provision, adopted by Idaho as I.C. § 28-3-203, which discusses the transfer of a negotiable instrument "for the purpose of giving to the person receiving delivery the right to enforce the instrument." I.C. § 28-3-203(1). Plaintiff's Complaint provides no clear factual statement as to how Wells Fargo's processing of documentation amounted to an intentional transfer of its interest, or otherwise may have resulted in Wells Fargo's loss of its interest in the Note or Deed of Trust.

Without sufficient allegations to the contrary, the record is clear that Wells Fargo, as the original beneficiary to the Note and the Deed of Trust, had the right under the Deed of Trust to assign its interest in the Deed of Trust, remove the Trustee and appoint a successor trustee. Any claim to the contrary is not sufficiently plead in Plaintiff's Complaint.[9]

Without setting forth any factual basis or belief supporting his theory that the original beneficiary lost the authority clearly delegated by the Deed of Trust, Plaintiff cannot maintain his claim under the FDCPA on this basis.

---

[9]Plaintiff argues in response to the Motion to Dismiss that this fact is in doubt because Defendant did not file some document proving the authority of the individual's signature on behalf of Wells Fargo in the Assignment of the Deed of Trust or the Appointment of Successor Trustee. *See Objection to Motion to Dismiss*, (Dkt. 8), pp. 3 - 4. Plaintiff's Complaint does not contain these allegations, nor would they state an independent claim. Plaintiff makes no affirmative allegation and appears to contend that he is entitled to pursue a claim to discover whether or not the person signing the document had the authority to act for Wells Fargo. The pleading standard is not an onerous one, but it does require more than a mere speculative suggestion that a fraudulent act may have been committed. *See also* Fed. R. Civ. P. 9(b).

**b. The record is insufficient at this time to determine as a matter of law that Plaintiff's Complaint fails to state a claim for relief based on Defendant's lack of possession of the Note.**

In his Complaint, Plaintiff also claims that because "HSBC did not have actual possession of the Note signed by the Carlyles, it did not have standing to foreclose and the foreclosure is void as a matter of law." *Plaintiff's Objection to Motion to Dismiss*, at p. 4.

Plaintiff's claims are similar to the "show me the Note" defense to foreclosure that is the subject of many judicial decisions in both federal and state courts nationwide.[10] By way of background:

> Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property. Typically, the same person holds both the note and deed of trust. In the event that the note and the deed of trust are split, the note, as a practical matter becomes unsecured. The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan [becomes] ineffectual when the note holder [does] not also hold the deed of trust.

---

[10]Plaintiff's allegations that Defendants "lack standing" refers to the claims made in the bankruptcy context. Specifically, foreclosing entities file a motion for relief from the automatic bankruptcy stay in order to foreclose on the debtor's property. In those cases, the bankruptcy generally courts have required to the foreclosing entity to produce the original Note to prove sufficient interest in the debtor's estate to have standing to seek the relief from the stay. *See, e.g.*, *In re Wilheim*, 407 B.R. 392 (Bkrptcy. D. Idaho 2009); *In re Sheridan*, 2009 WL 631355 (Bkrtcy. D. Idaho 2009); *In re Jacobson*, 402 B.R. 354 (Bkrtcy. W.D. Wash. 2009); *In re Box*, 2010 WL 2228289, *5 (Bkrtcy. W.D. Mo. 2010).

*Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d *619* (Mo. Ct. App. 2009).

Debtors, or their representatives, across the country are defending residential foreclosures, with a great degree of success particularly in the bankruptcy context, with the argument that the foreclosing entity must have possession of both the note and the deed of trust to have the authority to foreclose on the Property.

The issue is one of state law. Plaintiff's claim is based on the Uniform Commercial Code provision which specifies persons entitled to enforce a negotiable instrument, adopted by Idaho as I.C. § 28-3-30. Such persons include:

> (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) *a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 28-3-309 or 28-3-418(4).* A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

*Id.* Under the Uniform Commercial Code, one becomes a "holder" of a negotiable instrument either by "transfer" or "negotiation," but both require obtaining possession of the instrument. *See Bank of NY v. Raftogianis*, 10 A.3d236, 2010 WL 5087866, *3 (N.J. Super Ch. 2010). A person not in possession of the instrument, therefore, must fall under one of the exceptions referenced in I.C. § 28-3-301(iii) to be entitled to enforce the instrument.[11]

---

[11]Section 28-3-309 appears to be misnumbered or an outdated reference, and was intended to be § 28-3-308 addressing the circumstances under which a person not in possession of an instrument may enforce an instrument that has been lost, destroyed or stolen persons not in possession of a lost or stolen instrument. *See* I.C. § 28-3-301, *Uniform Commercial Code Comment*.

Defendant suggests that it qualifies as a person not in possession of a negotiable instrument but otherwise entitled to enforce it under I.C. § 28-3-301(iii). Defendant sets forth no explanation or argument establishing this fact as a matter of law. Rather, Defendant argues further that there is no requirement under Idaho law that it produce the Note, or to do anything else beyond that which is specifically articulated in the Idaho Trust Deed Act, I.C. §§ 45-1502 *et seq*., in order to conduct a non-judicial foreclosure.

The Court agrees that the procedural requirements Defendant must meet to foreclose on the Property are those set forth in Idaho Trust Deed Act, *id. See Roos v. Belcher*, 79 Idaho 473, 321 P.2d 210 (1958). Moreover, there is no separate requirement under Idaho law that Defendant produce the original Note and Deed of Trust in order to do so. As Defendant points out, several courts in other jurisdictions have dismissed a similar claim on this basis. *See Chilton v. Fed. Mortg. Ass'n*, 2009 WL 5197869 (E.D. Cal. 2009); *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241 (D. Nev. 2009)(Finding allegations that defendant's failure to produce note insufficient to invalidate foreclosure.); *Putkkuri v. Recontrust Co.*, 2009 WL 32567 (S. D. Cal. 2009) (same); *Wayne v. HomEq Servicing, Inc.,* 2008 WL 4642595 (D. Nev. 2008)(Defendant loan servicer not required to produce *original* of note; copies of note and deed of trust were sufficient to establish its interest.)

This Court does not believe, however, that the inquiry ends with Defendant's compliance with the Idaho non-judicial foreclosure statute. Liberally construing Plaintiff's complaint, as this Court must, Plaintiff is not challenging Defendant's

procedure – he is challenging Defendant's right to initiate the procedure. One could not

reasonably contend that compliance with a procedure gives substantive rights not

otherwise possessed. The question remains whether Defendant's right or authority to

foreclose on the Property remains.

There appear to be two sub-issues that may be dispositive on this point. The first

issue regards whether or not Idaho requires that a foreclosing entity be in possession of

the Note in order to have the right to enforce the Deed of Trust. Volumes, including two

bankruptcy decisions from this district, have been written on this topic espousing a view

consistent with Plaintiff's position that possession of the Note is a requirement to its

enforcement. *See In re Wilheim*, 407 B.R. 392 (Bkrptcy. D. Idaho 2009) (Denying

motion for relief from stay to institute foreclosure on basis that movant who could not

prove status as holder of Note and Deed of Trust lacked authority to foreclose necessary

to establish standing.); *In re Sheridan*, 2009 WL 631355 (Bkrtcy. D. Idaho 2009)(Holding

movant lacked sufficient financial interest to seek a stay to foreclose on property where

movant could not show it had possession of the Note.); *see also Laboissiere v. GMAC*

*Mortgage*, 2010 WL 2836107, *2 (Noting that I.C. § 45-911 is in accord with *In re*

*Jacobson*, 402 B.R. 354 (Bkrtcy. W.D. Wash. 2009), which held that assignment of a

deed of trust was insufficient to confer standing "because security follows the obligation

secured, rather than the other way around."); *In re Box*, 2010 WL 2228289, *5 (Bkrtcy.

W.D. Mo. 2010) ("Possession of the note insures that this creditor, and not an unknown

one, is the one entitled to exercise rights under the deed fo trust, and that the debtor will

not be obligated to pay twice."); *U.S.Bank National Association v. Ibanez*, 458 Mass. 637,

__N.E.2d__(Mass. 2011) (decided on state law grounds). Some authority exists also

rejecting the position, but as discussed above, these decisions tend not to analyze whether

or not the foreclosing entity must hold the note, only whether or not the note must be

produced prior to conducting a non-judicial foreclosure. *See, e.g.*, *Mansour v. Cal-*

*Western Reconveyance Corp*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009). Again, the

Court is not able to conclude that Plaintiff's complaint is limited to this procedural claim.

The second issue relevant here concerns Defendant's contention that it obtained

the authority to foreclose on the Property based on the recorded Assignment of Deed of

Trust from Wells Fargo to HSBC Bank. *Motion to Dismiss,* Exh. 3. There are two views

on the consequence of the assignment of the Deed of Trust.

Regarding assignments, the first view is that without the assignment of the debt,

the assignment of the security is a nullity. *See Laboissiere v. GMAC Mortgage*, 2010 WL

2836107 (D. Idaho) (*quoting In re Jacobson*, 402 B.R. 359, 367 (Bkrtcy. W. D. Wash.

2009) ("[H]aving an assignment of the deed is not sufficient, because the security follows

the obligation secured, rather than the other way around."*). See also* Restatement (Third)

Property, § 5.4, *Reporters' Note, Transfer of the mortgage also transfers the obligation,*

*Comment c* (*citing In re Hurricane Resort Co.*, 30 B.R. 258 (Bkrtcy. D. Fla.1983); *Hill v.*

*Favour*, 84 P.2d 575 (Ariz. 1938); *Domarad v. Fisher & Burke, Inc.*, 76 Cal.Rptr. 529

(Cal. Ct. App.1969) (dictum); *Hamilton v. Browning*, 94 Ind. 242 (1883); Pope & *Slocum*

*v. Jacobus*, 10 Iowa 262 (1859); *Van Diest Supply Co. v. Adrian State Bank*, 305 N.W.2d

342 (Minn.1981); *Kluge v. Fugazy*, 536 N.Y.S.2d 92 (N.Y. App. Div.1988); *Miller v.*

*Berry*, 104 N.W. 311 (S.D.1905)).[12]

The second view is that the assignment of the security also assigns the debt unless

there is an indication of the parties' intent not to assign the debt. *See* Restatement (Third)

Property, Mortgages § 5.4(b) (1997). This approach is adopted by the Restatement

(Third) Property, Mortgages § 5.4(b) (1997). The Restatement section in its entirety

states:

> (a) A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.
> (b) Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.
> (c) A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

Restatement (Third) Property, Mortgages § 5.4(b) (1997).[13]

_____

[12]    Among the "gems" and "free offerings" of the late Professor Chester Smith of the University of Arizona College of Law was the following analogy. The note is the cow and the mortgage the tail. The cow can survive without a tail, but the tail cannot survive without the cow.

*Best Fertilizers of Arizona, Inc. v. Burns*, 571 P.2d 675, 676 (Ariz. Ct. App. 1977), *reversed on other grounds*, 570 P.2d 179 (Ariz. 1977); *see also Carpenter v. Longan*, 83 U.S. 271, 21 L.Ed. 313 (1872)).

[13]But even under the well established principal that the assignment of the security without the debt renders such assignment a nullity, common law recognizes the parties' intent otherwise controls. *See Merritt v. Bartholich*, 26 N.Y. 44, 45 (N.Y. 1867) (Noting that "the incident shall pass by the grant of the principal, but not he principal by the grant of the incident" unless "such was the intent of the parties.") The Reporters' Note to the Restatement commentary nonetheless recognizes substantial authority to the contrary, holding that an assignment of the mortgage (security) without the obligation is a nullity, and distinguishes the Restatement approach. *See* Restatement (Third) Property, § 5.4,

Idaho Code § 45-911 states that "[t]he assignment of a debt secured by mortgage carries with it the security." This provision appears to codify the common law rule regarding the result to the security of an assignment of the debt, but does not address the reverse. There does not appear to be any Idaho state court case law on this point of assignment.

In this case, the only reference to Defendants' interest in the Note itself is a generic statement that the Assignment of Deed of Trust also included the "note or note(s)" referenced in the Deed of Trust. Under the common law and the Restatement (Third) Property, § 5.4 approach, such an evidence of intent to assign the note might be sufficient to conclude that a valid assignment occurred as between Wells Fargo and HSBC Bank, the assignor and assignee. *See United Home Loans, Inc. v. McGinnis*, 71 B.R. 885, 889 & n. 1 (W.D. Wash. 1987)(*citing Geffen v. Paletz*, 312 Mass. 43, 48 (N.E.2d 133 (1942); 59 C.J.S. Mortgages § 359 (1949)("where there is something to indicate that such was the intention of the parties, an assignment of a mortgage will carry the debt with it, as where the assignment purports to assign the mortgage note"); G.S. Nelson & D.A. Whitman, *Real Estate Finance Law*, at 366 (2d ed. 1985) ("[i]f the 'assignment' also mentions that the debt is being transferred . . . the transfer is unquestionably complete.")).

Whether the Assignment of Deed of Trust in this case is sufficient to allow enforcement of the Note against the debtor in view of the Uniform Commercial Code requirements for negotiable instruments, however, is yet another question.

---

*Reporters' Note, Transfer of the mortgage also transfers the obligation, Comment c*

Because Defendant's arguments on Motion to Dismiss focused on (1) denying the application of the FDCPA to its actions en totale, or alternatively, (2) asserting its compliance with the Idaho non-judicial foreclosure statutes, Defendant did not address in its Motion to Dismiss the countervailing case law on the requirement that it be a holder of the Note, or the issue of the validity of the assignment as a matter of law, or attempt to reconcile what appears to be two competing and conflicting bodies of law – important issues of Idaho law impacting residential home foreclosures.

Based on the record before the Court, it may well be that the Assignment of the Deed of Trust indicates sufficient intent on the part of Wells Fargo to also assign the Note and to otherwise establish Defendant's authority to foreclose on the Property under Idaho law. However, the Court is reluctant to recommend this finding on the record on a motion to dismiss without any statement of such from the Defendant, briefing on the issue as to the adequacy of the assignment under Idaho law, or without having been provided a copy of the Note which the Court would be required to construe, in part, in determining a valid assignment thereof. *See, e.g., JPMorgan Chase & Co. v. Casarano*, 2010 WL 3605427, *5 (Mass. Land Ct. 2010) (finding lost promissory note not negotiable instrument and reviewing assignment under general contract terms).

Accordingly, it is recommended that Defendant's motion to dismiss be denied in part with respect to the claim brought pursuant to 15 U.S.C. § 1692f(6).

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Also pending is Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 17)

against non-appearing Defendant HSBC Bank USA, National Association under Federal

Rule of Civil Procedure 55(b)(2).  Under this Rule, a court may enter a default judgment

against a party who is not a minor, incompetent, or in military service where the clerk,

under Rule 55(a), has already entered the party's default based upon failure to plead or

otherwise defend the action. A plaintiff is not entitled to entry of default as a matter of

right; a court has discretion whether or not to enter a default judgment. *Lau Ah Yew v.*

*Dulles*, 236 F.2d 415 (9th Cir.1956). A district court may consider the following factors

in exercising its discretion to enter a default judgment, including: "(1) the possibility of

prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency

of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

dispute concerning material facts, (6) whether the default was due to excusable neglect,

and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir.1986).

In considering the sufficiency of the complaint and the merits of the plaintiff's

substantive claim, facts not relating to damages alleged in the complaint generally are

deemed to be true by virtue of the defendant's default. *Geddes v. United Fin. Group*, 559

F.2d 557, 560 (9th Cir.1977). A defendant is not held to admit facts that are not

well-pleaded or to admit conclusions of law. *Nishimatsu Constr. Co., LTD. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) (holding that allegations concerning

existence and terms of a contract did not support liability where allegations were contradicted by actual contract). As a result, where the allegations in a complaint are not "well-pleaded," liability is not established by virtue of the defendant's default. *Id.*

In light of the foregoing and considering the factors above in view of the Court's recommendation regarding the appearing Defendant's Motion to Dismiss, the Court is of the view that default judgment should not be entered against HSBC Bank at this time. Several claims and allegations in the Complaint are not well plead. The one surviving claim does so in part due to the Court's obligation to construe a pro se complaint liberally. As such, HSBC Bank's liability may not be established by default. *See id.* Similarly, the claims and arguments against both Defendants are the same, and the Court's conclusion that Plaintiff's Complaint fails to state a claim for relief, in part, applies equally as against both named Defendants.

Further, considering another important factor, Plaintiff will not likely suffer prejudice at this time because the appearing Defendant's authority to foreclose on the Property is predicated upon the non-appearing Defendant's authority – and both issues must be fully litigated and resolved with or without the appearance of HSBC Bank. This fact further supports the Court's decision not to enter default judgment at this time as it is likely that the results against each defendant may be inconsistent and lead to further litigation, which will be inefficient given the narrow issues presented in this case.

Finally, the strong policy in favor of favoring decisions on the merits point toward the Court declining to enter default judgment against a non-appearing defendant in this

case. For the foregoing reasons, it is recommended that Plaintiff's Motion for Entry of Final Default Judgment against HSBC Bank be denied.

## RECOMMENDATION

Consistent with the foregoing REPORT,

IT IS HEREBY RECOMMENDED:

1.     Defendant's Motion to Dismiss (Dkt. 5) be GRANTED IN PART AND DENIED IN PART;

2.     Plaintiff's Complaint alleging any claim for relief under the Fair Debt Collection Practices Act other than for an unfair or unconscionable practice under 15 U.S.C. § 1692f(6) based on the Defendants' authority to enforce the Note;

3.     Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 17 ) be DENIED;

4.     Plaintiff be granted leave to file an amended complaint setting forth any additional facts which would support his claims for relief against Defendants under 15 U.S.C.A. § 1692f(6) within 30 days of the date of any order adopting this Report and Recommendation.

DATED: **February 9, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge

| Exh. | Description/parties | Recorded date Valley County | Recorded date Adams County |
|---|---|---|---|
| Cmplt. 1 MtD 1 | Original Deed of Trust, 2/14/2010 Beneficiary: Wells Fargo NA Trustee: Pioneer Title | 2/14/2007 | 2/14/2007 |
| Mtd 2 | Appointment of Successor Trustee - Northwest Trustee Services, Inc. Executed by Beneficiary Wells Fargo NA on _____ | 7/30/2009 | 1/7/2010 |
| Mtd 3 | Assignment of Deed of Trust to HSBCExecuted by Beneficiary Wells Fargo NA on _____ | 7/30/2009 | 1/7/2010 |
| Cmplt 5 | Notice of Default by Northwest Trustee Services, Inc. dated July 23, 2009, with HSBC Bank USA, NA as Trustee for Wells Fargo Asset Securities Corp, Mortgage Pass-Through Certificates, Series 2007-4 ("Current Beneficiary") | 7/30/2009 | 9/3/2009 |
| Mtd 4 | Notice of Default by Northwest Trustee Services, Inc. dated July 23, 2009, with HSBC Bank USA, NA as Trustee for Wells Fargo Asset Securities Corp, Mortgage Pass-Through Certificates, Series 2007-4 ("Current Beneficiary") | 7/30/2009 | 1/7/2010 |
| Cmplt 2 | Residential Real Estate Contract dated 10/4/2009, Sellers: Carlylses Buyer:  Bret Armacost | | |

| | | | |
|---|---|---|---|
| Mtd 5 | Notice of Trustee's Sale dated 10/9/2009 by Successor Trustee Northwest Trustees Services, Inc.; sale to be held 2/8/2010 and 2/9/2010 | | |
| Cmplt 3 | Warranty Deed conveying property to Second Ventures West, Inc. executed by Carlyles 12/__/2009 | 12/7/2009 | 12/8/2009 |
| Cmplt 6 | Notice of Trustee's Sale dated 2/1/2010 by Successor Trustee Northwest Trustees Services, Inc.; sale to be held 6/3/2010 and 6/4/2010 | | |
| Cmplt 4 | Warranty Deed conveying property to Bret Armacost, executed by Donald Perry, President, Second Ventures West, Inc. On May 18, 2010. | 6/1/2010 | 5/21/2010 |