UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRET ARMACOST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, NORTHWEST TRUSTEE SERVICES, INC.,<br><br>　　　　　　Defendants. | Case No. 1:10-CV-00274-EJL-LMB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On February 9, 2011, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation (Dkt No. 19) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt No. 19) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED**:

1. Defendant's Motion to Dismiss (Dkt. No. 5) is GRANTED IN PART AND DENIED IN PART. All of Plaintiff's claims except his Fair Debt Collection Practices Act for an unfair or unconscionable practice under 15 U.S.C. Section 1692f(6) based on the Defendants' authority to enforce the note are DISMISSED. Plaintiff shall be GRANTED leave to file an amended complaint setting forth any additional facts that would support his claims for relief against Defendants under 15 U.S.C. Section 1692f(6) within thirty (30) days of the date of this Order. Failure to file an amended complaint, may result in the dismissal of this action without prejudice.

2. Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 17) is DENIED.



DATED: **March 2, 2011**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**